Deborah L. Raymond, SBN 173328
LAW OFFICES OF DEBORAH L. RAYMOND
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
Tel#: 858-481-9559
Email: draymond@lawinfo.com

Attorney for Plaintiff Michael D. Meagher

FILED
2008 JUL 10 PM 4:27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL D. MEAGHER, an individual on behalf of himself and all others similarly situated,

Plaintiff(s),

vs.

ELTMAN, ELTMAN & COOPER PC, a New York corporation; NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation; DONALD B. SERAFANO, an individual; and DOES 1 -10, Inclusive,

Defendants.

Case No. '08 CV 1240 L POR

**CLASS ACTION** COMPLAINT FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; and DEMAND FOR JURY TRIAL

For a Complaint against the defendants, and each of them, plaintiff MICHAEL D. MEAGHER alleges as follows:

GENERAL ALLEGATIONS

1. This class action arises from the defendants' pattern and practice using windowed envelops that display language of a "past due account", disclosing information about a debt to third parties, using unfair and unconscionable means in an attempt to collect a debt, and making false and misleading representations in



ORIGINAL

connection with an attempt to collect a debt in violation of the federal Fair Debt Collection Practices Act, 16 USC 1692 et seq. ("FDCPA").

2. Jurisdiction of this court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Sections 1331, 1337, and under the doctrine of pendant jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

3. The true names and capacities, whether corporate, individual or other of the defendants sued herein as Does 1 through 10 are presently unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that at each of the fictitiously named defendants is responsible for or participated in the acts complained of herein.

4. Plaintiff is a natural person, and at all times mentioned in this complaint was a resident of the County of San Diego, in the Southern District of California.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint defendant ELTMAN, ELTMAN & COOPER PC ("Eltman") is and was New York corporation of attorneys at law conducting business in the county of San Diego, State of California. Plaintiff is further informed and believes, and thereon alleges that Eltman is and was engaged in the business of collecting consumer debts and regularly collects consumer debts. Eltman is and was accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6).

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, defendant NCO FINANCIAL SYSTEMS, INC. ("NCO") was and is a Pennsylvania corporation conducting business in the county of San Diego, State of California. Plaintiff is further informed and believes, and thereon alleges that NCO is and was engaged in the business of collecting money for others. NCO is and was accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6).

7. Plaintiff is informed and believes, and thereon alleges that defendant DONALD B. SERAFANO ("Serafano") is and was an individual attorney conducting business in the county of San Diego, State of California. Plaintiff is further informed and believes, and thereon alleges that Serafano is and was engaged in the business of collecting consumer debts and regularly collects consumer debts. Serafano is and was accordingly a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692A(6).

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was the agent, employee, independent contractor or co-conspirator of each co-defendant, and in doing the things herein alleged was acting within the course and scope of such capacity with the full knowledge and consent of each said co-defendant.

9. In the early 1990s, Plaintiff obtained several loans through his course of study at California Western School of Law, including a Bar Study Loan in the amount of $5,000.00 (collectively the "Loans"). Since approximately1993, Plaintiff has been in forbearance for part of the time and has made some payments on the Loans. In 2007, the Loans were allegedly past due; however, the Loans were in dispute.

10. Plaintiff is informed and believes and thereon alleges that on or about July 11, 2007, defendants Eltman and Serafano mailed four separate envelopes to Plaintiff, which displayed "Past Due Account" language through the window of the envelope, along with a file number and the creditor's name (hereinafter "debt information"). A copy of the front of the four envelopes are attached herein and incorporated by reference as Exhibits "A-1", "A-2", "A-3" and "A-4".

11. The debt information was displayed and communicated to third parties, including postal workers and members of Plaintiff's family.

12. On or about July 16, 2007, Plaintiff sent defendant Eltman a letter disputing the alleged debt and demanding verification. A copy of the July 16, 2007 dispute letter is herein attached and incorporated by reference as Exhibit "B".

13. On or about August 9, 2007, Plaintiff received correspondence from defendants Eltman and Serafano, attached to which was a Collect Screen printout, two Law Loans Applications, three Truth-In-Lending Disclosures, and what purported to be an account history report. Each document contained in the August 9, 2007 correspondence from defendants related to Plaintiff.

14. On or about September 6, 2007, Plaintiff received correspondence from defendants Eltman and Serafano, which was addressed to Plaintiff and an unrelated third party named Alan V Seagrave and contained the following false statement, "The current balance of $8,221.22 is comprised of $7,452.41 in interest and $768.81 in interest." Enclosed with the September 6, 2007 correspondence was a letter from defendant NCO, attached to which was a Bar Study Loan Application and Promissory Note for Alan V Seagrave, a Bar Study Loan Truth-In-Lending Disclosure for Plaintiff and what purported to be an Account History Report containing Plaintiff's social security number.

15. Plaintiff is informed and believes and thereon alleges that defendants Eltman, NCO and Serafano have communicated personal and confidential information, including but not limited to debt information to third parties in their attempt to collect on debts.

16. Although Defendants failed to provide Plaintiff with verification of the alleged debt in the September 6, 2007 correspondence, defendants Eltman and Serafano continued to attempt to collect on the disputed debt by demanding payment of $1,000.00 by no later than 09/19/2007.

CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and (23(b)(3), individually and on behalf of all persons to which Defendants or any third party acting on behalf of Defendants, in an attempt to collect a debt, mailed windowed envelops that displayed or communicated debt information to third parties, disclosed information about a debt to third parties, used unfair and

unconscionable means in an attempt to collect a debt, or made false and misleading representations in an attempt to collect a debt, during the period commencing one year prior to the commencement of this action and continuing until the present (the "Class Period").

18. Specifically excluded from the proposed Class are the Court and its staff, Defendants, any entity in which any of the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity, or any person who has already filed an individual action asserting such claims.

Numerosity of the Class

19. Plaintiff is informed and believes and thereon alleges that the proposed Class is so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and the identities of Class members are presently unknown to Plaintiff and can only be ascertained through investigation and discovery, Plaintiff estimates that the Class has from several hundred to several thousand members.

Existence and Predominance of Common Questions of Law and Fact

20. There is a well-defined community of interest among the members of the proposed Class in that there are common questions of law and fact. These common questions include the following:

a) Whether Defendants or any third party acting on behalf of Defendants, in an attempt to collect a debt, mailed windowed envelops that displayed or communicated debt information to third parties;

b) Whether Defendants or any third party acting on behalf of Defendants, in an attempt to collect a debt, disclosed information about a debt to third parties;

c) Whether the mailing of windowed envelops that displayed or communicated debt information to third parties constitutes a third party communication under the FDCPA;

d) Whether the disclosing of information about a debt to third parties constitutes a violation of the FDCPA;

e) Whether the mailing of windowed envelops that displayed or communicated debt information to third parties constituted the use of unfair or unconscionable means to collect a debt; and,

f) Whether stating that the entire amount of an alleged debt is interest constituted a false and misleading representation under the FDCPA.

21. The common questions of law and fact predominate over questions that affect only individual class members. Proof of a common fact or set of facts will determine the membership of the class.

<u>Typicality</u>

22. Plaintiff's claims are typical of, and not antagonistic to, the interests of the members of the Class.

<u>Adequacy</u>

23. Plaintiff has retained competent counsel experienced with Class actions who intends to vigorously prosecute this action, and have no disabling conflicts of interest with any other members of the Class.

<u>Superiority</u>

24. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Since the size of an individual Class member's damages may be relatively small in comparison to the expense and burden of litigation, it would be impracticable and not economically feasible for members of the Class to seek redress individually. Prosecution of individual claims by members of the Class, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual Class members against Defendants, could impose inconsistent standards of conduct on the Defendants, and would result in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. Therefore, a class action is the only method whereby Plaintiff and members of the Class can efficiently seek complete redress and obtain a uniform adjudication of claims.

FIRST CAUSE OF ACTION

(Against all Defendants for Violations of the Federal Fair Debt Collection Practices Act)

25. Plaintiff restates the allegations contained in Paragraphs 1 through 24.

26. The actions of the defendants constitute the following violations of the FDCPA:

26.1 The communication of debt information, including but not limited to mailing windowed envelops that display or communicate debt information to third parties in connection with an attempt to collect a debt in violation of 15 USC §§1692c (b), 1692f, and 1692f(8);

26.2 The disclosure of information about a debt to third parties in connection with an attempt to collect a debt in violation of 15 USC §§1692c (b) and 1692f;

26.3 The making of false and misleading representations in connection with an attempt to collect a debt in violation of 15 USC §1692e; and,

26.4 The failure to verify an alleged debt and continuing collection activity after receiving demand therefore from the alleged debtor in violation of 15 USC §1692g(b).

27. Plaintiff is informed and believes and thereon alleges that unless restrained from so doing, the defendants will continue to violate the FDCPA by continuing to communicate debt information and information about a debt to third parties and making false and misleading representations in connection with the collection of a debt.

28. By reason of the defendants' violations of the FDCPA, Plaintiff as an individual is entitled to recover damages according to proof along with statutory damages in an amount not to exceed $1,000.00. The class members are entitled to recover statutory damages in an amount not to exceed the lesser of $500,000.00 or 1% of the net worth of Defendants. Plaintiff and the class are further entitled to recover statutory attorney's fees according to the determination of the court.

WHEREFORE, on behalf of himself and the class, Plaintiff prays for judgment as follows:

1. For an order certifying this case as a class action;
2. For an order enjoining the defendants from engaging in the practices complained of;
3. For damages according to proof;
4. For damages pursuant to statute;
5. For attorney fees and costs pursuant to statute; and,
6. For such other and further relief as the court may deem just and proper under the circumstances.

Dated:July 10, 2008

LAW OFFICES OF DEBORAH L. RAYMOND

DEBORAH L. RAYMOND

DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the class, hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:July 10, 2008

LAW OFFICES OF DEBORAH L. RAYMOND

DEBORAH L. RAYMOND



ELTMAN
ELTMAN &
COOPER
4310 Donald Douglas Drive, Suite 201
Long Beach, CA 90808

LONG BEACH CA 908
11 JUL 2007 PM

02 1P $ 000.41[0]
0002598085 JUL 11 2007
MAILED FROM ZIP CODE 90808

MICHAEL D MEAGHER
2643 GIANELLI LN
ESCONDIDO, CA 92025-7449

Re: **Past Due Account; Our File# 58342**
**RE: SALLIE MAE**

92025+7449 C017

EXHIBIT "A-1"



ELTMAN
ELTMAN &
COOPER
4310 Donald Douglas Drive, Suite 201
Long Beach, CA 90808

LONG BEACH CA 908
11 JUL 2007 PM

02 1P $000.41
0002598085 JUL 11 2007
MAILED FROM ZIP CODE 90808

MICHAEL D MEAGHER
2643 GIANELLI LN
ESCONDIDO, CA 92025-7449

Re: **Past Due Account; Our File# 58343**
**RE: SALLIE MAE**

92025+7449 C017

EXHIBIT "A-2"

ELTMAN
ELTMAN &
COOPER
4310 Donald Douglas Drive, Suite 201
Long Beach, CA 90808

LONG BEACH CA 908
11 JUL 2007 P

$ 000.41⁰
02 1P
0002598085 JUL 11 2007
MAILED FROM ZIP CODE 90808

MICHAEL D MEAGHER
2643 GIANELLI LN
ESCONDIDO, CA 92025-7449

Re: **Past Due Account; Our File# 58344**
**RE: SALLIE MAE**

92025+7449 C017

EXHIBIT "A-3"


ELTMAN
ELTMAN &
COOPER
4310 Donald Douglas Drive, Suite 201
Long Beach, CA 90808
2643 GIANELLI LN
ESCONDIDO, CA 92025-7449
Re: Past Due Account; Our File# 58345
RE: SALLIE MAE
LONG BEACH CA 908
11 JUL 2007
02 1P
0002598065 JUL 11 2007
MAILED FROM ZIP CODE 90808

EXHIBIT "A-4"

M. D. Meagher
2643 Gianelli Lane
Escondido, CA 92025

July 16, 2007

Letter by Facsimile and U.S. Mail
(562) 421-4224

Eltman Eltman & Cooper
4310 Donald Douglas Drive, Suite 201
Long Beach, CA 90808

To Whom It May Concern:

I recently received four (4) letters from your law firm. In each of the four letters, the address window revealed:

Re: **Past Due Account; Our File# 58342 - 58345**
**RE: Sallie Mae**

This information is clearly visible, is bolded, and therefore violates the Fair Debt Collection Practices Act. As such, these documents have been forwarded to my attorney Deborah L. Raymond of Solana Beach, CA (858) 481-9559, for action against your firm. I am attaching photocopies of the envelopes as they were received.

Be advised that I properly challenged the validity of these alleged debts, in writing on March 1, 2007, with Wolpoff & Abramson. They were unable to verify the alleged debt, and like your firm, choose to violate the Fair Debt Collection Practices Act. They advised me that rather than verify the alleged debt, they returned this matter to Sallie Mae.

As such, I am again disputing these alleged debts with your company. I require the following verification material:

1. A copy of all correspondence between the Original creditor and me;

2. A summary of the activity on the account, showing all services actually rendered, dates and the charges made for these services;

3. All copy of all payments made and including all interest and late charges;

EXHIBIT "B"

4. A copy of all correspondence between Sallie Mae and me;

5. Any and all other documents signed by me proving contractual liability for any portion of this alleged debt; and,

6. All documents which reflect the billing activity in this matter.

Merely resubmitting an invoice will be inadequate for purposes of verification. The Federal Trade Commission has already addressed this issue in an opinion letter dated March 10, 1993. Mr. John LaVerve, in response to a specific request regarding the type of verification required by Section 809(b) of the Fair Debt Collection Practices Act. The question asked whether a collection agency for a medical provider will fulfill the requirements of that Section if it produces "an itemized statement of services rendered to a patient on its own computer from information provided by the medical institution . . ."

Mr. LaVerve answer was unequivocal, "in response to a request for verification of the debt, "Mere itemization of what the debt collector already has does not accomplish this purpose."

Sincerely,

M. David Meagher

cc: Deborah l. Raymond, Esq.
Enc:

EXHIBIT "B"

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152889 - TC**

**July 10, 2008**
**16:26:04**

**Civ Fil Non-Pris**
USAO #.: 08CV1240
Judge..: M. JAMES LORENZ
Amount.: $350.00 CK
Check#.: BC4385

**Total-> $350.00**

FROM: MICHEAL D. MEAGHER
VS
ELTMAN, ET AL.

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED 2008 JUL 10 PM 4:29 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: [signature]

I (a) PLAINTIFFS

**MICHAEL D. MEAGHER**

DEFENDANTS

**ELTMAN, ELTMAN & COOPER PC; NCO FINANCIAL SYSTEMS INC.; DONALD B. SERAFANO; and DOES 1-10, inclusive,**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Law Offices of Deborah L. Raymond**
**445 Marine View Avenue, Suite 305**
**Del Mar, CA 92014**
**Tel# (858) 481-9669**

ATTORNEYS (IF KNOWN)

**'08 CV 1240 L POR**

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). **Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. sections 1692 et seq., unlawful collection practices**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620. Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

**FDCPA**

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ **$500,000** Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE **n/a** Docket Number **n/a**

DATE **07/10/08** SIGNATURE OF ATTORNEY OF RECORD [signature]

TAC 7/10/08 $350 # 152889

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)